**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

| | |
|---|---|
| SIEMENS FINANCIAL SERVICES, INC.,<br>Plaintiff,<br>v. | Civil Action No. 07-1229(KSH) |
| OPEN ADVANTAGE M.R.I. II L.P., et. al.,<br>Defendants | **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

Siemens Financial Services, Inc. ("Siemens Financial") has sued Open Advantage M.R.I. II, L.P., Open Advantage M.R.I. III, L.P., Open Advantage M.R.I. IV, L.P., Open Advantage M.R.I. V, L.P., Open Advantage M.R.I. VI, L.P. (collectively "Open Advantage Entities"), the Kaufman Family Partnership, and Norman Kaufman ("Kaufman")(collectively "defendants") for breach of lease agreements the parties entered into between 2001 and 2003. Before the Court is Siemens Financial's appeal from Magistrate Judge Shwartz's decision to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court affirms her decision.

**FACTS AND PROCEDURAL HISTORY**

The facts are taken from Judge Shwartz's opinion delivered on the record June 11, 2007 unless otherwise noted.

Siemens Financial is a Delaware corporation with a principal place of business in New Jersey. The Open Advantage Entities "are five separate facilities providing outpatient open

magnetic resonance imaging." (R. at 3:24-25.)[1] They are all located in Santa Ana, California. Kaufman is the general partner of Open Advantage II, president of Open Advantage III through VI, and general partner of the Kaufman Family Partnership. Defendants keep their books and records in California.

Between 2001 and 2003, Kaufman executed a total of five lease agreements with Siemens Medical Solutions USA Inc. ("Siemens Medical") for MRI equipment for the Open Advantage Entities. The leases contained identical language as follows:

> THE LEASE HAS BEEN ACCEPTED BY LESSOR IN, AND FOR ALL PURPOSES SHALL BE DEEMED A CONTRACT ENTERED INTO IN, THE STATE OF NEW JERSEY. LESSOR AND LESSEE AGREE THAT ALL ACTIONS OR PROCEEDINGS RELATING DIRECTLY OR INDIRECTLY TO THE LEASE AND THE TRANSACTION CONTEMPLATED HEREBY MAY BE LITIGATED IN THE FEDERAL, STATE, OR LOCAL COURTS SITTING IN OR FOR THE COUNTY OF SOMERSET, NEW JERSEY, AND HEREBY SUBMIT TO THE NONEXCLUSIVE JURISDICTION OF SUCH COURTS. Lessor and Lessee acknowledge that such courts are convenient forums and waive any defense based upon doctrine of venue or forum non-conveniens or similar rules or doctrines.

(Compl. Ex. A. (Leasing Schedule ¶ 16).) The master lease agreement contained the following language:

> THE AGREEMENT AND THE LEASE (A) HAVE BEEN ACCEPTED BY THE LESSOR IN, AND FOR ALL PURPOSES SHALL BE DEEMED CONTRACTS ENTERED INTO IN, THE STATE OF NEW JERSEY, AND (B) SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW JERSEY WITHOUT GIVING EFFECT TO THE PRINCIPLES OF CONFLICT OF LAWS THEREOF.

(Compl. Ex. A. (Master Lease Agreement ¶ 16).) The Open Advantage Entities made payments to Siemens Medical by check per the lease agreements. In December 2003, Siemens Medical assigned its rights and interests, but not its obligations, under the lease to Siemens Financial.

On May 1, 2006 defendants entered into an asset purchasing agreement with Radnet Management, Inc. ("Radnet") to purchase the assets and leasehold rights of the Open Advantage Entities. They then sought Siemens Financial's consent to assign its rights in the equipment leases

[1] R. refers to the transcript of Judge Shwartz's opinion delivered on the record on June 11, 2007.

to Radnet. The two individuals who were responsible for reviewing the proposed assignments for Siemens Financial, Robert Levitsky and Edward Kublis, resided in Pennsylvania and New Jersey, respectively. Most of the documents they reviewed were in New Jersey. Siemens Financial did not give consent to the purchase, and as a result Radnet terminated the asset purchasing agreements. In September 2006 Open Advantage V went into foreclosure because of nonpayment of its debts and defaulted on its lease agreement with Siemens.

On December 22, 2006 defendants sued Siemens Medical in California state court. The case was removed to federal court. The suit alleges that "by unreasonably withholding consent to the assignments to RadNet [sic], Siemens Medical (1) breached an implied duty of good faith and fair dealing; (2) intentionally interfered with prospective business advantage; and (3) interfered with contractual relations." (R. at 9:9-15.) The original complaint did not name Siemens Financial as a defendant.

On March 14, 2007, Siemens Financial commenced this action alleging (1) Open Advantage V breached its lease agreement; (2) Kaufman breached his guarantee of that agreement; (3) Open Advantage V was unjustly enriched. (Compl.) It also sought declaratory judgment that Siemens Financial was not responsible for damages arising from its withholding consent to the Radnet assignment. (Id.)

On March 16, 2007 Siemens Medical filed a motion in the Central District of California to transfer the California action to the District of New Jersey, which was denied because the court held that while New Jersey was a proper venue and the agreement stated that the New Jersey courts had nonexclusive jurisdiction, California also had jurisdiction. In addition, the court found that the agreements concerned California transactions and most of the proofs and witnesses were in California. Although the agreements stated that New Jersey law would govern the agreements, according to the court this factor alone did not outweigh retaining jurisdiction.

Thereafter, defendants filed a motion to transfer this case to California, and Siemens Financial opposed. (Docket entries # 11 and 15.) Magistrate Judge Shwartz ruled that the case should be transferred to California pursuant to 28 U.S.C. § 1404(a). (Docket entry # 17.) Siemens Financial timely appealed her decision. (Docket entry # 20.) During the pendency of the appeal, the defendants in this action, plaintiffs in the California case, sought leave to amend their complaint in the California case to include Siemens Financial as a defendant. (Rodriquez Cert. Ex. B.) That court granted their motion to amend. (Rodriquez Cert. Ex. C.)

**STANDARD**

A party can appeal a non-dispositive order of a magistrate judge under L. Civ. R. 72.1(c)(1). A motion to transfer a case to another district is considered a non-dispositive motion. See Lite, N.J. Federal Practice Rules 266 (Gann 2008); Hitachi Cable Amer., Inc. v. Wines, No. 85-4265, 1986 U.S. Dist. LEXIS 29278 (D.N.J. Feb. 14, 1986)(Sarokin, J.). A judge must review the magistrate judge's findings to determine if any portion of the order is "found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986); Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)(Cooper, J.). The magistrate judge's legal conclusions are subject to de novo review. Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006)(Linares, J.). "The burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law." Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994) (Wolin, J.).

**DISCUSSION**

Siemens Financial raises two issues on appeal. It argues that Judge Shwartz "misinterpreted and misapplied applicable law when she held that the first-to-file rule supported Defendants' motion to transfer despite the fact that Siemens Financial has not been named in the case pending in the Central District of California . . . ." (Pl. Br. 8.) It also argues that she "ignored Defendants'

valid and enforceable waiver of any defense based upon the doctrines of venue and forum non conveniens." (Id.)

Judge Shwartz engaged in a typical Section 1404(a) analysis. The section provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 18 U.S.C. § 1404(a). The burden is on the party seeking transfer to demonstrate the need for it. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The decision of whether to transfer a case is left to the sound discretion of the court. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000)(Wolin, J.). The court must first determine if the proposed forum is adequate. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). If the venue is adequate, then the court will engage in a balancing of private and public interests to determine if transfer is warranted. Jumara, 55 F.3d at 879-80. Since Siemens Financial has only challenged two issues on appeal, the Court will only address those two areas.

A. The first-to-file rule

Siemens Financial argues that the first-to-file rule only applies when both courts have jurisdiction over the same parties and the same issues. (Pl. Br. 9.) It argues that only when the proceedings are "truly duplicative" does the rule apply. (Pl. Br. 9-10.) See also Kedia v. Jamal, No. 06-6054, 2007 U.S. Dist. LEXIS 30343, * 8 (D.N.J. Apr. 25, 2007)(Brown, J.)("the Third Circuit Court of Appeals has interpreted the 'first-filed' rule narrowly, holding that it only applies to 'truly duplicative' proceedings."). A "truly duplicative" action has the same parties and issues in both cases. (Pl. Br. 9.) It claims that since the two lawsuits do not involve the same parties, she erred in applying the rule.

Judge Shwartz recognized that Siemens Financial is not a party to the California action but concluded that the first-to-file rule governs the subject matter of the case, not the parties, and therefore the rule can still be applied. But she noted that, "[a]ssuming, of course, a court sitting in

the Central District of California permits the defendant to file such on [sic] amended pleading, this action would involve both the same issues and the same parties as the California case." (R. at 23:23-24:1.) Following this appeal, the California district court granted defendants' motion to amend the California complaint and add Siemens Financial as a party. (Rodriquez Cert. Ex. C.) Now both the California and New Jersey cases have the same parties and same issues.

Siemens Financial's argument that the proceedings are not "truly duplicative" is moot. The first-to-file rule is a policy of comity which provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." EEOC v. Univer. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988)(internal quotations omitted). While the Court will not address whether or not the proceedings must be "truly duplicative" for the first-to-file rule to apply, cases that involve the same parties and issues are within the ambit of the rule. Triangle Conduit & Cable Co. v. National Electric Products Corp., 125 F.2d 1008, 1009 (3d Cir. 1942). The first–to-file rule "gives a court 'the power' to enjoin subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." EEOC, 850 F.2d at 971. Judge Shwartz already concluded that if Siemens Financial was added as a party to the California action that both proceedings would have the same parties and issues. Siemens Financial offers no other reason why the first-to-file rule should not apply. Judge Shwartz's decision on this point is neither clearly erroneous nor contrary to law.

B. Waiver provision

Siemens Financial also argues that Judge Shwartz erred by considering defendants' transfer motion even though they waived any venue and forum non conveniens defenses in the lease agreement. Judge Shwartz concluded that the existence of a waiver "does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer." (R. at 30:21-24 (quoting Plum Tree, Inc. v. Stockment, 488 F.2d 754, 758 (3d Cir. 1973)).)

The existence of a private agreement does not prevent the court from ordering a transfer under section 1404(a). Plum Tree, Inc., 488 F.2d at 758. Other factors such as the convenience of witnesses and the interests of justice "cannot be automatically outweighed by the existence of a purely private agreement between the parties." Id. at 758. Other district courts in the circuit have held that a private agreement is not dispositive of the transfer issue. See Koken v. Lexington Ins. Co., No. 04-2539, 2004 U.S. Dist. LEXIS 22192, *8-9 (E.D. Pa. Nov. 3, 2004)(finding that while a forum-selection clause was not dispositive, other factors weighed against transferring case to Southern District of New York); De Lage Landen Fin. Servs. v. Cardservice Int'l, Inc., No. 00-2355, 2000 U.S. Dist. LEXIS 15505, *6 & n.3 (E.D. Pa. Oct. 26, 2000)("Neither plaintiff's choice of forum nor a forum selection clause is dispositive, however, or there would be no need to consider any other factor and § 1404(a) would be meaningless."). Judge Shwartz's decision is not erroneous.

**CONCLUSION**

For the foregoing reasons, the Court **affirms** Judge Shwartz's decision to transfer this case to the Central District of California. An appropriate order will be entered.

Dated: 2/29/08

/s/ Katharine S. Hayden
Katharine S. Hayden
United States District Judge